528 So.2d 1128 (1988)
Mary BOLLS
v.
Dr. William S. HARRIS.
No. 57946.
Supreme Court of Mississippi.
July 13, 1988.
R.E. Parker, Jr., Gail S. Akin and Varner, Parker & Sessums, Vicksburg, for appellant.
Isaac K. Byrd, Jr., James W. Craig and Byrd & Associates, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
This appeal presents a nice procedural question in the context of a medical malpractice action. At issue is whether the trial court may grant a plaintiff's motion for voluntary dismissal made under Rule 41(a)(2), Miss.R.Civ.P. and dismiss the complaint without prejudice, all of this without giving the defendant reasonable advance notice and an opportunity to be heard.
On January 28, 1986 Mary Bolls commenced this civil action by filing her complaint in the Circuit Court of Warren County, Mississippi, naming as defendant Dr. William S. Harris and charging Dr. Harris with malpractice in the performance of an abdominal hysterectomy. Dr. Harris answered and denied all allegations of the complaint. After considerable discovery and various other pretrial maneuverings, Harris, on October 20, 1986, moved for summary judgment attaching the supporting affidavit of Charles W. McFatter, M.D. During the pendency of that motion but before it could be heard, plaintiff Bolls moved for an order of dismissal under Rule 41(a)(2) citing as grounds "that presently she is unable to secure an expert medical witness". Significantly, the motion makes no suggestion whether the dismissal should be with or without prejudice.
Bolls' motion reflects service by mail upon counsel for Harris on November 3, 1986. The Circuit Clerk's filing stamp reads November 4, 1986. In any event, without a hearing, or, insofar as the record reflects, in any way receiving the views of Harris or his counsel, the Circuit Court on *1129 the same day, November 4, 1986, entered its order granting the motion and ordering the complaint "dismissed without prejudice". Harris appeals the "without prejudice" portion of the order of dismissal.
The briefs of the parties contain much discussion of the circumstances wherein a Rule 41(a)(2) dismissal should be granted without prejudice, particularly where there is at the time pending a motion for summary judgment. We think it fair to say that such a dismissal is one of the "terms and conditions" the trial court may "deem proper" although it's discretion in such matters is hardly unfettered. See generally, Shephard v. Delta Medical Center, 502 So.2d 1188, 1190-91 (Miss. 1987); Hudson v. Bank of Edwards, 495 So.2d 1349, 1351-52 (Miss. 1986); Smith v. H.C. Bailey Companies, 477 So.2d 224 (Miss. 1985); see also Dome Laboratories v. Farrell, 599 P.2d 152 (Alaska 1979); and Thomas v. Amerada Hess Corp., 393 F. Supp. 58 (M.D.Pa. 1975).
This appeal turns on a more preliminary point. Rule 6(d), Miss.R.Civ.P., provides:
(d) Motions. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than five (5) days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court.
A motion for voluntary dismissal within Rule 41(a)(2) is a motion required to be noticed and heard in conformity with Rule 6(d). In the case at bar, Rule 6(d) was violated three-fold. First, Bolls' motion to dismiss was not noticed. Second, no hearing was held upon the motion where Harris was given the opportunity to appear and present his views. Third, there was no compliance with the five day advance notice requirement, nor does appear any order in the record fixing a different time for the hearing of the motion. We have read Rule 6(d) similarly on similar occasions. Edwards v. James, 453 So.2d 684, 685-86 (Miss. 1984); Moore v. Moore, 451 So.2d 226, 227 (Miss. 1984).
On appeal Harris argues vigorously that voluntary dismissal without prejudice is not allowable where it merely a tactic to avoid summary judgment. Plaintiff Bolls counters by stating that she was abandoned at the last minute by the medical expert witness her attorneys had relied upon in the filing prosecution of the claim. Harris counters by arguing that he and his attorneys had gone to considerable trouble and expense in preparing their case and that at the very least any dismissal under Rule 41(a)(2) should have been conditioned upon plaintiff paying all of his legal expenses to date.
On appeal we are hardly in a position to assess these points, particularly in the context of the present record. Indeed, the arguments advanced on appeal are precisely those which should have been heard and passed upon in the Circuit Court at the hearing on Bolls' Rule 41(a)(2) motion, had such a hearing been held.
Because of the several violations of Rule 6(d) noted above, we direct that the order of November 4, 1986 be vacated and that this case be remanded to the Circuit Court of Warren County, Mississippi whereupon Bolls' motion for voluntary dismissal shall be restored to the active docket of the court for hearing and disposition as may be authorized by Rule 41(a)(2).
VACATED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.