557 So.2d 1187 (1990)
Dr. William L. CARTER and Internal Medicine Associates, P.A.
v.
Pascal CLEGG, Jr. and Lis Clegg.
No. 07-CA-58732.
Supreme Court of Mississippi.
March 7, 1990.
*1188 Walter W. Eppes, Jr., William B. Carter, Eppes Watts & Shannon, Meridian, for appellant.
Roland C. Lewis, Kevin D. Lewis, Patricia R. Alexander, Jackson, for appellee.
Before HAWKINS, ANDERSON and BLASS
ANDERSON, Justice, for the Court:

STATEMENT OF THE CASE
This is an appeal of the judgment of the Circuit Court of Lauderdale County. The Appellants/Cross-Appellees contend that the trial court erred in granting a nonsuit to the Appellees/Cross-Appellants and they also maintain that the trial court erred in not invoking the doctrine of priority of jurisdiction. The Appellees/Cross Appellants maintain that the trial court did not err in granting the voluntary nonsuit, but it did err in granting the appellants' attorneys' fees.
There are mootness concerns in this case, as well, which will change the framing of the issues, but in the end, we affirm on direct appeal and reverse and render as to the cross-appeal.

STATEMENT OF THE FACTS
This case took its first step on a long, winding course to this Court when Pascal Clegg, Jr. and his wife, Lis Clegg [hereinafter plaintiffs] filed a complaint against Dr. William L. Carter and Internal Medical Associates, P.A. (IMA) [collectively defendants] for medical malpractice. IMA was included as a defendant because Carter was acting as the shareholder or officer or agent of the corporation.
Discovery in this matter began on January 21, 1987. During the discovery period numerous depositions were scheduled, postponed, rescheduled, postponed, taken and *1189 taken again. Interrogatories were propounded, extensions were allowed to answer them, motions were filed to compel the opposite party to give adequate answers to the interrogatories.
On August 14, 1987, in an elusive quest to find the deep pocket, the plaintiffs enjoined several other parties and filed in the Chancery Court of the First Judicial District of Hinds County a Complaint for Declaratory and Summary Relief, Receivership, Mandamus and Injunctive Relief, Bill of Discovery, and Other Relief. The chancellor granted the plaintiff's requested relief on the same day.
On August 20, 1987, the defendants filed in the Lauderdale Circuit Court a Motion for an Order or Writ in the Nature of an Injunction or Writ of Prohibition for plaintiffs to immediately cease the prosecution of the action pending in the Hinds County Chancery Court. The court scheduled a hearing on this motion for August 27. However, on August 21, 1987, the plaintiffs returned to the Lauderdale Circuit Court and filed a motion for non-suit and to dismiss their action without prejudice.
Not to be outdone, on August 25, the defendants filed their objections to plaintiffs' request for a nonsuit. A hearing was held, and the circuit court conditionally granted the plaintiffs' nonsuit. If the plaintiffs paid to the defendants $5,000.00 for expenses incurred in defending the lawsuit to that point, the circuit court would dismiss their case without prejudice. On the other hand, however, if they did not pay the money, the plaintiffs would be barred from prosecuting their claim in Hinds County Chancery Court. In addition, the court barred them from performing or causing any actions in furtherance of the issues involved in the chancery court.
Needless to say, the plaintiffs filed their $5,000.00 with the circuit clerk of Lauderdale County, and the court granted the voluntary nonsuit without prejudice. This is what this appeal is all about. Before we address the propriety of the court granting this nonsuit, however, we must continue down the circuitous route that this case has taken.
Subsequent to the completion of briefing in this appeal, the Hinds County Chancery Court, on January 12, 1989 ordered, inter alia, the medical malpractice claims asserted by the plaintiffs against the defendants severed and transferred to the Circuit Court of Lauderdale County. The plaintiffs sought to appeal interlocutorily this order of severance and transfer, but we denied permission on October 12, 1989.
Finally, the case that had originally been dismissed was set and tried beginning on November 14, 1989, in the Circuit Court of Lauderdale County. On November 30, the jury returned a unanimous verdict in favor of the defendants, and judgment was entered by the court on December 8, 1989. The usual post-trial motions were filed by the plaintiffs on December 18, 1989.[1]
Since there has been a trial in this case, it is not necessary for us to address some of the issues raised in the original appeal and cross appeal as they have been rendered moot. Consequently, in this opinion, we only address whether a nonsuit should have been granted on the condition that the plaintiffs pay $5,000.00. Stated another way, after having lost their case on the merits, can the plaintiffs get their $5,000.00 back or should this be given to the defendants as a bonus.

PROPOSITION I

DID THE TRIAL COURT ABUSE ITS DISCRETION IN GRANTING PLAINTIFF'S REQUEST FOR A VOLUNTARY NONSUIT

DISCUSSION OF LAW
This issue is controlled by Mississippi Rules of Civil Procedure 41, which states in part:
(a) Voluntary Dismissal: Effect thereof

(2) By Order of Court. Except as provided in Paragraph (a)(1) of this rule, an action shall not be dismissed at the *1190 plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
MRCP 41 (Supp. 1988).[2]
Prior to the adoption of MRCP 41, plaintiffs were permitted to voluntarily dismiss their suit without prejudice at any time before the case was submitted to the jury. See, Miss. Code Ann. § 11-7-125 (1972); Allison v. Camp Creek Drainage Ditch, 211 Miss. 354, 365, 51 So.2d 743, 747 (1951). Since the rules were adopted, however, it is clear that the granting of motions for dismissals is subject to the sound discretion of the trial court. More importantly this Court can reverse only where there has been an abuse of that judicial discretion. See generally, Bolls v. Harris, 528 So.2d 1128, 1129 (Miss. 1988); Shepherd v. Delta Medical Center, 502 So.2d 1188, 1190-191 (Miss. 1987); Smith v. H.C. Bailey Companies, 477 So.2d 224 (Miss. 1985); see also McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir.1986) (citations omitted); Moore v. Interstate Fire Insurance Co., 717 F. Supp. 1193, 1197 (S.D.Miss. 1989). Accord Kern v. TXO Production Corp., 738 F.2d 968, 971 (8th Cir.1984) (the very concept of discretion presupposes a zone of choice within which the trial court may go either way [in granting or denying the motion].).
The comment to the rule explains that the primary purpose of Rule 41(a)(2) is to prevent voluntary dismissal which unfairly affects the other side and to permit the imposition of curative conditions. The comment continues by explaining that dismissals generally should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of another lawsuit. Moreover, dismissals should be allowed even when resulting in some tactical advantage for the plaintiff. Accord Phillips v. Illinois Central Gulf RR, 874 F.2d 984, 986 (5th Cir.1989); LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir.1976).
When considering whether a dismissal should be granted, the trial court must consider the effects the action will have on the defendant and other plaintiffs, if there are any. Moreover, the trial court must assure fairness and protection for those affected by the dismissal. Since a dismissal under 41(a) is without prejudice, unless the order states otherwise, a trial court should grant a voluntary dismissal unless some legal prejudice occurs. See, Shepherd, 502 So.2d at 1191; Smith, 477 So.2d at 230.[3]
When opposing a motion for dismissal pursuant to 41(a), it is the defendant's responsibility to demonstrate that the dismissal will cause some legal prejudice. Radiant Technology Corp. v. Electrovert USA Corp., 122 F.R.D. 201, 203 (N.D.Tex. 1988). The defendant, however, as mentioned previously, can neither demonstrate legal prejudice simply by relying on the prospect of another lawsuit nor by showing that a dismissal will result in a tactical advantage for the plaintiff. LeCompte, 528 F.2d at 604; see also, Phillips v. Illinois Central Gulf RR, 874 F.2d 984, 987 (5th Cir.1989) (mere prospect of a second lawsuit on the same facts is not sufficiently prejudicial to the defendant to justify denial of Rule 41(a)(2) motion to dismiss). Furthermore, litigation costs, in and of itself, will not amount to legal prejudice. Moore, 717 F. Supp. at 1197.
*1191 Based on the foregoing, the trial court was well within its discretion in granting the dismissal. This, however, may be of little significance since the case was ultimately tried in Lauderdale Circuit Court. Therefore, we must turn to the Cross-Appellants' second issue.

PROPOSITION II

THE LOWER COURT ERRED IN AWARDING TO APPELLANT ANY SUMS AS ATTORNEYS FEES
As a condition to granting plaintiff's nonsuit, the trial judge required the plaintiff to pay the defendant the sum of $5,000.00 for expenses incurred in defending the law suit to that point. During the hearing on the motion for the nonsuit the following discussion occurred:

Court: ... I think the rules make it a favored position for a court to dismiss a case if plaintiff makes a motion, but obviously, I have some obligation to make sure that it's fair and reasonable to the defense. I have yet to hear any testimony or evidence as to what expenses have been incurred or what would be factually fair and just if I were to dismiss the matter ... I just don't think it necessarily is fair for a plaintiff to file suit for medical malpractice, nine months later decide they want to dismiss it without prejudice and no cost ... I feel like there probably should be some consideration for costs and expenses. If you have anything, I'll 

[Carter] Your Honor, we are prepared to offer the Court proof as to the costs and expenses, including attorneys fees, which have been incurred by these defendants in the Circuit Court action here in this Court. I have an affidavit itemizing the hours devoted by the attorneys in our firm and the expenses incurred ...

Court: ... I would like to hear briefly anything you've got to say about that and if you do have an affidavit or some proof you want to present, I'll give you an opportunity to do so.

[Carter] Your Honor, we'll offer the affidavit, if there's no objection ...

Court: Are you tendering this affidavit in evidence?

[Carter] We offer that affidavit, if Your Honor please, in evidence and as proof upon the issue of time expended and expenses incurred in defending the action 2151-H had through August 7, 1987.

Court: Would you so stipulate?

[Clegg] Your Honor, we would object to this ... I think we're going to have to get into a full-fledged hearing on how much of that is going to relate to what we are doing in Hinds County and what those actually were and I think we're going to have to cross examine on that document ... I want the opportunity to cross examine the people who did this as to what their time was and where they were and what they were doing.

Court: All right. Counsel, I think the rule anticipates or encourages, if there is a dismissal with an allowance of expenses, some record being made as to what's fair and reasonable concerning expenses. He is objecting to your affidavit. I sustain it as rank hearsay. If you have got any proof, I'll be happy to hear that and if y'all would desire, we can recess early for lunch ...

[Carter] Your Honor, we'll stand on our submission of the affidavit and ask for the Court to consider it.

[Clegg] To which we object ... I feel it would be inappropriate to award attorneys [fees] in light of the defendant's failure to go forward with any proof and ask the Court to just guess what might be awarded by virtue of a docket. So we object to it.

Court: All right. I'm going to permit that synopsis of what appears in the docket book in cause number 2151-H to be admitted into evidence. That's the same matter which I took judicial notice of earlier. Let it be admitted and marked as a general exhibit.

[Clegg] Could I  I object to this being entered as evidence as any indication of what should be awarded as attorneys fees.
Although specific evidence regarding expenses was never admitted, the trial court *1192 conditioned the dismissal on an award of attorneys' fees and expenses. He did this based on his "knowledge of the contents of the court file and the eight or nine months of pending litigation on this matter, and having knowledge of the general hourly charges for attorneys within this community including the magnitude of this particular matter."

DISCUSSION OF LAW
MRCP 41 allows the trial court to grant dismissals subject to terms and conditions that the court deems proper. It is the defendants' contention that the amount of fees assessed is in the discretion of the trial judge. And, he could take judicial notice of the fees incurred by the preparation and taking of depositions. Furthermore, the defendants maintain that the amount assessed was modest compared to the amount of costs and legal fees sustained in defending against the plaintiff's oppressive tactics.
The plaintiffs, on the other hand, put forth at least two arguments. They first insist that the trial judge should have heard evidence and made specific findings regarding the attorneys' fees to be awarded. Although the trial judge has this discretion, the plaintiffs assert that there is a limitation, however, as outlined in McKee v. McKee:
In determining an appropriate amount of attorneys fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. Rees v. Rees, 188 Miss. 256, 194 So. 750 (1940). The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
418 So.2d 764, 767 (Miss. 1982); see also Cheatham v. Cheatham, 537 So.2d 435, 440 (Miss. 1988); Holleman v. Holleman, 527 So.2d 90, 95 (Miss. 1988). See also, Johnson v. Georgia Higway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974) (the court discusses twelve considerations to determine a reasonable attorneys fees).
Since there was no evidence regarding any of the above factors, then the trial court should not have conditioned the nonsuit on an estimate. Although a judge may take judicial notice as a means of establishing one or more of the components of a claim for attorney's fees, it would not be appropriate for him to take judicial notice of every factor without hearing some evidence, unless the fee is a basic fee that is usual and customary within the trial court's jurisdiction. Clark v. Whiten, 508 So.2d 1105, 1109 n. 1 (Miss. 1987). Accord, Alexander v. Lawton School for Medical and Dental Assistants, Civ. A. No. 88-3158, 1989 WL 87617, 5-6 (E.D.La.) (practice of the court to review contemporaneous time reports and address each criterion to determine the reasonable award for actual time reasonably expended) (citing Johnson, supra, 488 F.2d 714).
Although the plaintiff adequately defends his position in the preceding analysis, his second argument is more compelling. Any condition imposed should be directed to alleviating the harm caused to the defendant. Radiant Technology, 122 F.R.D. at 204. The federal courts, when placing conditions on dismissals under Fed. R.Civ.P. 41(a)(2), generally require a defendant to put forth evidence of attorneys' fees or expenses. Courts regularly are concerned with the defendant's effort and expense in preparing for trial and whether there have been excessive delays or a lack of diligence on the part of the plaintiff in prosecuting the case. Id.
In Radiant, the court was aware that other courts, specifically those in the Third, Seventh and Eight Circuits, have evaluated the sufficiency of plaintiff's explanation for its proposed dismissal.[4] However, it did not adopt this standard for two reasons.

*1193 First, the defendant has the burden of demonstrating legal prejudice and it is unclear how a defendant can effectively challenge a plaintiff's facially valid explanation without engendering mini-litigation regarding the plaintiff's animus for seeking dismissal. Second, Fed.R. Civ.P. 11, rather than 41(a)(2), affords the more appropriate remedy to combat vexatious litigation.
122 F.R.D. at 204, n. 5.
Although the courts have outlined different standards, it seems clear that they insist that defendants prove the expenses incurred because of the litigation. See, e.g., McNulty v. Borough of Norristown, Civ. A. No. 88-3354, 1988 WL 156166, 7 (trial judge allowed defendant opportunity to submit the customary itemization showing attorney hours and rate, and plaintiff had opportunity to oppose the reasonableness of the amount claimed), (citing Schulley v. Mileur, 115 F.R.D. 50 (M.D.Pa. 1987); Alexander, supra, 1989 WL 87617 (Defendant submitted his billings and contemporaneous time records), (citing Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir.1974); Taragon v. Eli Lilly and Co., Inc., 838 F.2d 1337, 1340 (D.C. Cir.1988) (the amount must be supported by evidence in the record); Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir.1985) (Although defendant provided a two-page affidavit and a one-page itemization of attorney's fees which stated that the attorney spent twenty-five hours on researching, drafting, and filing pleadings, eighty hours on discovery, and forty hours on trial preparation, the court found these to be too sketchy to determine reasonable fees; billing statements and time sheets are better documentary evidence).
There is one final argument why the $5,000.00 fee for the dismissal was inappropriate. The fee award should reimburse the defendants for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim. Cauley, 754 F.2d at 772; Tarragon, 838 F.2d at 1340. As noted previously, the trial of this case has come to a close. There is no way at this time to determine what the defendants used at this trial, and we cannot say what the plaintiffs used. However, it is obvious that the discovery was of some benefit to the defendant because the jury rendered a verdict for them.
One thing that is clear is that there was extensive pre-trial litigation in this cause. During the motion for nonsuit, the defendants were given the opportunity to provide information concerning their expenses and the prejudice they sustained because of the granting of the nonsuit. They failed to show that, and the trial court acted improperly in making its own findings outside the record.
Therefore, we affirm as to the direct appeal, reverse and render on cross appeal as to attorneys' fees.
AFFIRMED ON DIRECT APPEAL; REVERSED AND RENDERED ON CROSS APPEAL AS TO ATTORNEYS' FEES.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and BLASS, JJ., concur.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PITTMAN, J., not participating.
NOTES
[1] Presently no hearing has been held on these motions, but if an appeal is taken from that judgment, it would be consistent with what has happened in this case so far.
[2] This rule is substantially modeled after Fed.R. Civ.Proc. 41, which states in part:

(a) Voluntary Dismissal: Effect Thereof.
(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... Unless other wise specified in the order, a dismissal under this paragraph is without prejudice.
Because this Court has decided only a limited number of cases involving MRCP 41, it is appropriate to discuss the federal courts' analyses of the similar federal rule. See, Shell Oil Co. v. Murrah, 493 So.2d 1274, 1276 (Miss. 1986).
[3] Cf. Involuntary Dismissal Rule 41(b) where a dismissal is with prejudice unless otherwise ordered. Comment Miss.R.Civ.P. 41(b).
[4] The Fourth Circuit likewise allows the district court to refuse to condition voluntary dismissal on the payment of attorneys' fees because of plaintiff's good faith. See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir.1987). But cf. Taragan v. Eli Lilly & Co., Inc., 838 F.2d 1337, 1340 (D.C. Cir.1988) (we do not follow those circuits that have permitted or required the district court to refuse to condition voluntary dismissal on the payment of attorneys' fees because of plaintiff's good faith).