# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 92-CA-01164-SCT

*JAMES D. ROEBUCK AND RUBY B. ROEBUCK*

*v.*

*CITY OF ABERDEEN AND EUTAW CONSTRUCTION COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/9/92 |
| TRIAL JUDGE: | HON. JOHN C. ROSS, JR. |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | GARY GOODWIN |
| ATTORNEYS FOR APPELLEES: | GEORGE E. DENT |
| | DAVID C. DUNBAR |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 3/7/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/28/96 |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. On June 30, 1988, James and Ruby Roebuck filed a complaint requesting that the Monroe County Chancery Court enjoin the city of Aberdeen and Eutaw Construction Company from continuing its trespass upon their property and alleged damages totaling $6,366. On the day of the trial, September 21, 1992, the attorneys involved discovered that the Roebucks had conveyed the property in question to their daughter on April 10, 1992. A search of the land records by defense attorneys revealed this conveyance. The Roebucks apparently did not inform their attorney about this conveyance until the morning of the trial. Counsel for the Roebucks explained that he believed this conveyance made the daughter a necessary party to the action, and that all or part of the action may have to be transferred to the daughter. The Roebucks made a M.R.C.P. 41(a)(2) motion for voluntary dismissal without prejudice to allow the necessary party to be joined.

¶2. The defendants objected to the part of the motion that requested dismissal without prejudice and stated that (1) the case had been set for trial several times, (2) they had four witnesses present, were ready for trial, and would be prejudiced to the extent that they had expended time and money in trial preparation, and (3) the Roebuck's cause of action, having been in existence for over four years, had "died". Eutaw made a Motion to Dismiss with Prejudice and for Assessment of Costs and Attorney's Fees. Eutaw filed statements

itemizing legal expenses from April 10, 1992 to September 21, 1992. The city of Aberdeen filed a Motion for Compensation of Expenses with supporting affidavits and itemized statements of legal expenses. The trial court granted the Roebucks' motion for a voluntary dismissal, but conditioned refiling the action upon the payment of defendants' legal expenses incurred from the date of conveyance to the date of trial. The judge awarded Aberdeen payment of legal expenses totaling $2,637.16 and Eutaw, $2,640.95. The Roebucks, claiming that the chancellor abused his discretion, appealed to this Court the condition precedent attached to the voluntary dismissal without prejudice. We affirm the chancellor's dismissal without prejudice conditioned upon the payment of the aforementioned costs and fees by James and Ruby Roebuck.

## *ISSUE*

WHETHER OR NOT THE CHANCELLOR ABUSED HIS DISCRETION BY CONDITIONING THE VOLUNTARY DISMISSAL OF THE COMPLAINT UPON THE PAYMENT OF ALL ATTORNEY'S FEES INCURRED DURING THE TIME PERIOD WHEN THE ROEBUCKS NOT LONGER OWNED THE PROPERTY.

## *STANDARD OF REVIEW*

¶3. Since the adoption of the Mississippi Rules of Civil Procedure, it is clear that the granting of motions to dismiss is subject to the discretion of the trial court. This Court can only reverse when there has been an abuse of that discretion. *Carter v. Clegg,* 557 So.2d 1187, 1190 (Miss.1990).

## *LEGAL ANALYSIS AND AUTHORITY*

¶4. The Roebucks claim that Aberdeen and Eutaw made no showing they would suffer prejudice due to the mere prospect of a second lawsuit on the same facts or similar facts. They assert that the chancellor awarded fees without making any finding that the cause of action had been extinguished and that the action was not "dead" since it was going to be filed again with the correct parties in place. They contend that the chancellor awarded fees as if there had been a violation of Mississippi Rule of Civil Procedure 11, rather than under the standards of Rule 41(a)(2). The Roebucks admit that the chancellor has the authority to award legal expenses, but contend that these expenses should be limited to the fees and witness costs which will not be used at trial in the second suit.

¶5. Aberdeen claims that the Roebucks perpetrated a fraud upon the court by continuing their lawsuit and allowing the trial date to be reset twice after they had conveyed the subject property. Therefore, they argue that the case should have been dismissed with prejudice. Alternatively, Aberdeen argues that the trial court did not abuse its discretion in dismissing the case without prejudice and in conditioning the refiling upon the payment of such expenses as were proper.

¶6. Eutaw argues that the chancellor did not abuse his discretion in ruling as he did. In response to the Roebucks' argument that the trial court applied a Rule 11 standard without finding that the cause of action was extinguished on the date of conveyance, Eutaw claims that the court could have awarded sanctions pursuant to Rule 11 regardless of whether a determination was made that the cause of action was extinguished on the date of the conveyance of title to the property.

¶7. This Court has held that a court's ruling can be supported by existing facts shown in the record. *Tricon Metals & Services, Inc. v. Topp,* 516 So.2d 236, 238 (Miss.1987), recognized that while some

judgments of lower courts need not contain findings of fact and conclusions of law, in some cases it is necessary.

> We are required by prior decisions and by sound institutional considerations to proceed on the assumption that the Chancellor resolved all such fact issues in favor of the appellee. (Citations omitted). Further, when there are no specific findings of fact, we sometimes assume that the trial judge made determinations of fact sufficient to support the judgment.

*Tricon,* 516 So.2d at 238 (citations omitted). Eutaw contends that the one could infer from the facts and the chancellor's ruling that the chancellor held that the appellants did not have standing to pursue this lawsuit. Therefore, fees and expenses were awarded accordingly, and the fees were limited to those that occurred after the transfer of the property. In essence, Eutaw argues that the only fees and expenses which were awarded were those fees and expenses awarded when the appellants continued their lawsuit, without standing, and without disclosing to the court or counsel opposite the transfer of the property involved. Additionally, the Roebucks did not even attempt to amend the complaint. Eutaw lists these factors in support of their contention that the trial court was well within its discretion under Rule 11 to award fees and expenses.

¶8. In addressing dismissals of actions, M.R.C.P. 41(a)(2) states that "an action shall not be dismissed at the plaintiff's instance **save upon order of the court and upon such terms and conditions as the court deems proper.**" Pertinent parts of the comment to M.R.C.P. 41(a)(2) state that:

> The court may dismiss without conditions if they have not been shown to be necessary, but should at least require that the plaintiff pay the costs of the litigation. **In imposing conditions the court is not limited to taxable costs, but may require the plaintiff to compensate for all of the expenses to which his adversary has been put; the court may require plaintiff to pay the defendant's attorney's fees as well as other costs and disbursements.** ... The discretion given the court by Rule 41(a)(2) is a judicial, rather than an arbitrary, discretion....

> The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissal which unfairly affects the other side, and to permit the imposition of curative conditions. Accordingly, the dismissal should be allowed generally unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second law suit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.

Thus, the chancellor has the authority to condition the dismissal or the ability to refile when it unfairly affects the other side.

¶9. *Carter v. Clegg,* 557 So.2d 1187 (Miss.1990), addresses the awarding of attorneys fees upon the voluntary dismissal of an action.

> When opposing a motion for dismissal pursuant to 41(a), it is the defendant's responsibility to demonstrate that the dismissal will cause some legal prejudice. The defendant ... can neither demonstrate legal prejudice simply by relying on the prospect of another lawsuit nor by showing that a dismissal will result in a tactical advantage for the plaintiff. Furthermore, litigation costs ... will not amount to legal prejudice.

*Carter,* 557 So.2d at 1190 (citations omitted). In the case at bar, the defendants determined that the

Roebucks were no longer in possession of the real property, but did not discover this until the day of the trial when they had four witnesses present and had made all their trial preparations. The defendants submitted proof of the expenses incurred since the time the Roebucks no longer had standing in the action. The proof was in the form of time sheets, billing statements, and affidavits from the attorneys involved. *Carter* held that bill statements and time sheets were better documentary evidence. *Carter,* 557 So.2d at 1193 (citing *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985)). In *Carter,* this Court did not allow the award of attorneys fees and legal expenses because the amount was deemed to be too randomly arrived upon and not sufficiently documented. No billing statements and time sheets were offered in *Carter. Carter* also held that the trial judge should not condition an award on an estimate. *Carter,* 557 So.2d at 1192. Here, the judge limited the award appropriately and properly based the award on billing statements and time sheets.

*¶10. Carter* also tangentially addresses the Roebucks' argument that only costs not involved in the refiled lawsuit should be assessed to the Roebucks. This Court decided *Carter* after the case had been to trial on the merits and the question was whether the defendants should be able to keep the money awarded to them as a condition of the dismissal of the suit without prejudice or whether the money should be divided and returned based upon what information the defendants acquired in preparation for the first, dismissed lawsuit that was subsequently used in the second lawsuit that actually went to trial. *Id.* at 1193. This Court refused to make a determination in this manner even after *Carter* went to trial, saying that there was no way to determine what information the defendants used at that trial in comparison to what they would have used had the first lawsuit taken place, and nor could the Court say what information the plaintiffs used either. *Id.* It seems that it would be even more difficult to make this determination accurately *before* a case went to trial as in the present case. Obviously, this route of assessing a condition of the dismissal would be even less reliable than the judge relying on the billing statements and time sheets within the period between the conveyance on April 10, 1992 and the trial date on September.

## CONCLUSION

¶11. We can not say here that the chancellor abused his discretion. He properly limited the award of legal expenses beginning when the Roebucks conveyed the property. The legal expenses are thoroughly documented for that time period. The action was entering its fifth year of litigation and, as discovered by the defense counsel, unnecessarily so, because the Roebucks no longer had standing, according to their attorney's motion to dismiss. The other option was for the chancellor to dismiss the suit with prejudice and not allow the action back in court. He refrained from doing this, but at the same time fairly granted the defendants their expenses during the time the Roebucks allowed Eutaw and Aberdeen to continue under the false assumption that the Roebucks still possessed the land. We affirm the chancellor's dismissal without prejudice with the refiling by the Roebucks as parties to the suit conditioned upon the payment of the aforementioned costs and fees.

**¶12. JUDGMENT AFFIRMED.**

**PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur. McRAE, J., dissents with separate written opinion joined by DAN M. LEE, C.J. MILLS, J., not participating.**

**McRAE, Justice, dissenting:**

¶13. Access to the courthouse should be open and the courthouse doors should not be built so high that we punish a party who has not had their day in court. The particular sanctions awarded in this case constitute an abuse of discretion where the daughter is forced to wait until sanctions are paid before initiating a suit on her own behalf. Moreover, the legal fees which must be paid before the action is filed do not coincide with the additional expenses incurred by the defendants as a result of the Roebuck's conveyance of the subject property to the daughter. Accordingly, I dissent.

¶14. The order of the chancery court granted a voluntary nonsuit and stated, "a condition precedent to the refiling of this action, is payment by the Plaintiff of the fees and expenses hereinabove ordered." This Court should clarify this particular condition precedent since it might be interpreted by the court below to require that the daughter pay damages or wait until James and Judy Roebuck do so as a precondition to initiating her own suit. Because the daughter was not a party to the matter, the trial court may not condition her ability to file an individual action upon the payment of sanctions.

¶15. The trial court must consider the effects the voluntary dismissal will have on other plaintiffs and "assure fairness and protection for those affected by the dismissal." *Carter v. Clegg,* 557 So.2d 1187, 1191 (Miss.1990). It might be a different story if this condition could only be interpreted to require James and Ruby Roebuck to pay the sanctions in the event they chose to refile suit for damages suffered while they owned the property. However, the order entered by the chancellor appears to require those not involved in the original action to pay sanctions. If the daughter wants to initiate an action on her own behalf, then she should only be required to tender the applicable filing fee. The majority fails to address this distinction.

¶16. Furthermore, the amount of legal expenses awarded in this matter evidenced an abuse of discretion by the chancellor. "Any condition imposed should be directed to alleviating the harm caused to the defendant." *Id.* at 1192; *Radiant Technology Corp. v. Electrovert USA Corp.,* 122 F.R.D. 201, 204 (N.D.Tex 1988). Although the court awarded attorney fees incurred after the land had been conveyed to the daughter, the work performed by the attorneys was necessary and will not be duplicated in a subsequent action. The defendants in this case failed to prove that the work will not be utilized at some point in the resolution of this matter. "The fee award should reimburse the defendants for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Carter,* 557 So.2d at 1193; *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985). The chancellor abused his discretion by basing the award of attorneys' fees on the date the Roebucks no longer owned the property instead of the type of work performed in preparation for the case and whether the work would be useful in the subsequent action. These sanctions merely constitute a road block to refiling when they should instead be rationally based on the inessential expenses incurred because of the litigation. The decision of the chancery court should be reversed and the case remanded for entry of an order consistent with this opinion.

**DAN M. LEE, C.J., joins this opinion.**