# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CA-00892-SCT

*LEONARD BUSBY, III, BRANT BUSBY, BUSBY OUTDOOR LLC, U.S. OUTDOOR ADVERTISING COMPANY, CAPTURION NETWORK, LLC, PHILADELPHIA OUTDOOR, LLC, TARGET OUTDOOR, LLC, CAPTURE DIGITAL, LLC, MEDICAL DIGITAL, LLC, L & S MEDIA, LLC, BEST OUTDOOR, LLC, CENTRAL MISSISSIPPI OUTDOOR, LLC, AND SKY MEDIA, LLC*

*v.*

*THE LAMAR COMPANY, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/12/2022 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | KAYTIE MICHELLE PICKETT |
| | LISA ANDERSON REPPETO |
| | JACKIE RAY BOST II |
| | WILLIAM V. WESTBROOK III |
| | RONALD G. PERESICH |
| | WYNN E. CLARK |
| | ALBERT LIONEL NECAISE |
| | WILLIAM POE SYMMES |
| | JEFFREY S. BRUNI |
| | BEN HARRY STONE |
| | MICHAEL BRANT PETTIS |
| | MARK D. HERBERT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JAMES GARY McGEE, JR. |
| | JOHANNA MALBROUGH McMULLAN |
| | WILLIAM V. WESTBROOK III |
| ATTORNEYS FOR APPELLEE: | LISA ANDERSON REPPETO |
| | JACOB THOMAS EVANS STUTZMAN |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 12/11/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE COLEMAN, P.J., MAXWELL AND ISHEE, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. After six years of stalled-out litigation between competitor billboard companies—The Lamar Company (Lamar) on one side and Busby Outdoor LLC and other Busby-related entities (Busby) on the other—Lamar moved to voluntarily dismiss. Lamar's lawsuit centered on an electronic billboard Busby erected in Gulfport. By the time Lamar moved for dismissal, Busby had transferred its rights to the billboard to a third party, which settled with Lamar out of court. Still, Busby opposed dismissal. Busby insisted that Lamar had lacked standing to bring its lawsuit. So in its view, the trial court should have instead granted one of its multiple motions for summary judgment. Busby also requested almost half a million dollars in attorney's fees and costs, either as a condition of voluntary dismissal or as a sanction. The trial court denied Busby's attorney's fees request, dismissing the lawsuit without condition. The trial court also dismissed as moot Busby's summary-judgment motion.

¶2. Busby appeals. Though it raises multiple issues and various grievances with how Lamar conducted the litigation and how the trial court consistently ruled on the standing issue, this appeal comes down to attorney's fees. The trial court's granting Lamar's motion to dismiss with prejudice led to the *same result* as granting Busby's motion for summary judgment—dismissal of the case. And Busby does not request this Court reverse and remand for a trial on the merits.

¶3.    The only difference in outcome Busby now seeks is to be awarded attorney's fees. But the decision to award attorney's fees falls squarely within the trial court's discretion. And here, the trial court did not abuse that discretion when it denied Busby's request for fees and costs. Though Busby racked up significant attorney's fees during this litigation, the trial court pointed out "much of the litigation expenses incurred by [Busby] were driven by [its] own litigation strategies and aggressive motion practice." These strategies included removing Lamar's complaint to federal court only to have it remanded, pushing to transfer the case to circuit court after the chancery court rejected its lack-of-standing claim, and repeatedly filing unsuccessful summary-judgment motions reasserting similar claims. Because Busby fails to show why the trial court abused its discretion when concluding Busby should bear its own litigation costs, we affirm.

**Background Facts & Procedural History**

¶4.    In 2016, Lamar sued its business competitor Busby in chancery court. Lamar's complaint aimed at enjoining the construction and operation of a Busby-controlled electronic billboard in Gulfport, Mississippi.[1] Lamar claimed the construction of the billboard violated a city ordinance—specifically, a city ordinance adopted to settle a federal lawsuit between

---

[1] Soon after Lamar filed its complaint, the Harrison County School District moved to intervene because the contested billboard was being constructed on its property based on an agreement between the District and Busby. Before the trial court ruled on the intervention motion, Lamar was permitted to file an amended complaint that added the District as defendant. The District remained in this litigation, in lock step with Busby, until the case was dismissed. The District had joined with Busby to oppose Lamar's motion to dismiss. It also requested attorney's fees and costs, which were similarly denied. While the District initially joined in this appeal and filed a brief, the District moved to dismiss its appeal, representing that it had settled with Lamar. This Court granted dismissal on May 28, 2025. So the District is no longer part of this appeal.

Gulfport and Lamar. Lamar also asserted several tort claims. In its answer, Busby countered with its own claims for declaratory judgment and injunctive relief.

¶5. Busby quickly filed a motion to dismiss or, alternatively, for summary judgment. The chancery court held a hearing on the dismissal motion, which the chancellor converted to a summary-judgment motion. At the end of the hearing, the chancellor announced she was denying summary judgment. But before an order was entered, Busby petitioned this Court for interlocutory appeal. While that petition was pending, Busby removed the action to federal court. The day after removal, the chancellor entered the order denying summary judgment, which expressly rejected Busby's argument that Lamar lacked standing. The federal court remanded the case, finding no arguable basis for removal, and awarded Lamar costs. Busby later withdrew its interlocutory petition. Order, *Busby v. Lamar Co., LLC*, No. 2017-M-00918-SCT (Miss. Feb. 20, 2018).

¶6. Following remand, Busby moved to transfer the case to circuit court. While Lamar did not oppose the motion, the chancellor's transfer order emphasized the only reason Lamar agreed to transfer was to avoid any further delay in the litigation. Once in circuit court, Busby asked that court to reconsider the chancellor's prior order denying summary judgment. But the circuit court found the chancellor's "reasoning was sound[.]" So it denied summary judgment "on the same basis." Busby once again petitioned this Court for interlocutory appeal. A panel of this Court denied the petition. Order, *Busby Outdoor, LLC v. Lamar Co., LLC*, No. 2019-M-00268-SCT (Miss. Apr. 16, 2019).

4

¶7.    Over the next year or so, Busby filed several more unsuccessful summary-judgment motions.

¶8.    In February 2022, Lamar moved to dismiss the case under Mississippi Rule of Civil Procedure 41(a)(2). In its motion, Lamar represented that Busby had transferred its interest in the contested electronic billboard to a third party. And Lamar and that third party had entered a settlement in which Lamar agreed to drop its lawsuit against Busby. Still, Busby opposed dismissal. Busby also asked for more than $480,000 in attorney's fees and costs, asserting the trial court should condition any Rule 41 dismissal on an attorney's fee award. Alternatively, Busby insisted the trial court should sanction Lamar under Mississippi Rule of Civil Procedure 11 or the Mississippi Litigation Accountability Act (MLAA).

¶9.    The trial court granted Lamar's motion and dismissed the entire action with prejudice, without conditioning dismissal on Lamar's paying Busby's attorney's fees. The same day, the trial court denied Busby's pending motion for summary judgment as moot. Busby moved to vacate, alter, or amend the dismissal order. A year later, the trial court granted the motion to the extent it sought further factual findings. *See* Miss. R. Civ. P. 52. But the circuit court denied the rest of the motion.

¶10.    The same day the motion to alter or amend the judgment was denied, the trial court entered an order denying Busby's request for attorney's fees and costs. The order spanned thirty pages. In it, the judge explained why conditioning the Rule 41(a)(2) dismissal on paying costs was not appropriate in this case. The order also methodically retread the issue

5

of Lamar's standing. And finally, the judge ruled that Lamar's complaint had not been frivolous and thus did not warrant the imposition of sanctions under Rule 11 or the MLAA.

¶11. A constant theme of the order was Busby's "aggressive motion practice that resulted in an odyssey through the various courts." In the trial court's view, Busby's "pursuit of a frivolous removal . . . , an abandoned interlocutory appeal . . . , and a failed petition for interlocutory appeal seeking review of the denial of early dispositive motions . . . served to complicate the litigation and increase litigation expenses for all parties." Ultimately, the trial court decided Busby should bear its own attorney's fees and costs because they "were largely driven by [its] own litigation strategies."

¶12. The trial court's July 2023 order denying fees marked the end of seven years of litigation without a single claim being tried. Busby timely appealed.

**Discussion**

**I.     Scope of Appeal**

¶13. On appeal, Busby strenuously argues that Lamar lacked standing to sue. Busby also contends Lamar engaged in "sword and shield" litigation tactics that constitutionally deprived Busby of due process. And it suggests the circuit court wrongly adopted the chancery court's rationale when it denied Busby's summary-judgment motion and wrongly granted Lamar's motion to dismiss. But despite this zealous advocacy, Busby has been less than clear in what it wants this Court to *do* about it. After all, the end result of the trial court litigation was dismissal with prejudice of all Lamar's claims against Busby.

¶14.    While Busby does request this Court vacate the judgment granting Lamar's Rule 41(a)(2) motion to dismiss, it also asks that we render instead a judgment in favor of Busby dismissing Lamar's claims "on the grounds that Lamar never had standing to sue . . . ."  In other words, Busby seeks to reverse both the grant of dismissal and the denial of summary judgment.  But these two issues essentially cancel each other out.

¶15.    Importantly, Busby does not assert that, instead of dismissal, this case should have proceeded to trial.  Rather, it asserts this case should not have been dismissed at Lamar's request because it should have been dismissed at Busby's request.  In other words, Busby takes issue with the *reason* for dismissal, not the *result* of dismissal.  But "a fundamental principle of appellate procedure[,] which is universally recognized and applied[,]" is that this Court will not reverse on appeal when there was no harm in the trial court's decision, even if it was erroneous.  ***Davis v. Agents Fin. Corp.***, 249 Miss. 839, 164 So. 2d 449, 452 (1964) (quoting 5A C.J.S. *Appeal and Error* § 1676); *see also* ***Frierson v. Sheppard Bldg. Supply Co.***, 247 Miss. 157, 154 So. 2d 151, 156 (1963) ("Before we can reverse a case we must find both error *and harm* therefrom." (emphasis added)).  And here, Busby cannot show it was harmed by the order dismissing this case.  This is because one of its core assertions on appeal is that the trial court should have dismissed this case.  So, even if the trial court erred by granting Lamar's motion to dismiss and instead should have granted Busby's motion for summary judgment, we still have no basis to reverse the trial court's two rulings.

¶16.    The only ruling Busby appeals *and* seeks a different outcome in is the denial of its motion for attorney's fees.  Lamar's Rule 41(a)(2) dismissal, Busby's rejected summary-

judgment motions, and Busby's insistence that Lamar lacked standing are relevant to the attorney's fees question. But in the end, Busby fails to show how any of these issues warrant reversing the trial court's discretionary decision to deny Busby's request for attorney's fees.

## II.    Rule 41(a)(2)

¶17.    Lamar invoked Rule 41(a)(2) when it moved to dismiss its case after settling with the third party to which Busby transferred its interest in the contested billboard. Rule 41(a)(2) "allows the trial court to grant voluntary dismissals and to condition the dismissals upon terms and conditions that it deems proper"—including assessing attorney's fees. *BellSouth Pers. Commc'ns, LLC v. Bd. of Supervisors of Hinds Cnty.*, 912 So. 2d 436, 445 (Miss. 2005) (citing *Carter v. Clegg*, 557 So. 2d 1187, 1192 (Miss. 1990)). Busby asserts the trial court erred by granting Lamar's motion without conditioning dismissal on Lamar's paying its attorney's fees in defending this litigation.

¶18.    The general rule is that Rule 41(a)(2) dismissals should be granted "unless some legal prejudice occurs." *Carter*, 557 So. 2d at 1190 (citing *Shepherd v. Delta Med. Ctr.*, 502 So. 2d 1188, 1190-191 (Miss. 1987); *Smith v. H.C. Bailey Cos.*, 477 So. 2d 224 (Miss. 1985)). Pertinent here is this Court's clear admonition that "litigation costs, in and of itself, will not amount to legal prejudice." *Id.* (citing *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1197 (S.D. Miss. 1989)). So the fact Busby accrued litigation costs—even significant ones—in defending Lamar's lawsuit does not mean the trial court should have denied Lamar's motion to dismiss.

8

¶19.   Of course, Rule 41(a)(2) does "permit the imposition of curative conditions," such as attorney's fees and costs. *Id.* But this Court has been equally clear that trial courts have "considerable discretion in determining whether to assess fees" as a curative condition. *BellSouth Pers. Commc'ns*, 912 So. 2d at 445. And here the trial court did not abuse that considerable discretion.

¶20.   As we have explained, "[a]ny condition imposed should be directed to alleviating the harm caused to the defendant." *Id.* at 1192 (citing *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988)). Assessing this question, "[c]ourts regularly are concerned with the defendant's effort and expense in preparing for trial and whether there have been excessive delays or a lack of diligence on the part of the plaintiff in prosecuting the case." *Id.* (citing *Radiant Tech. Corp.*, 122 F.R.D. at 204). Here, the trial court found Busby's wounds were mostly self-inflicted. Instead of being harmed by Lamar's lack of diligence or delays, it was Busby's own litigation strategies and "aggressive motion practice" that delayed the prospect of trial. Indeed, Busby strung out litigation for so long that Busby no longer had an interest in the disputed billboard when Lamar moved to dismiss.

¶21.   As the trial court pointed out, Busby repeatedly asked for summary judgment on Lamar's claims. "Indeed, a significant percentage of the attorney fees sought . . . . appear[ed] to relate to multiple failed dispositive motions." While Mississippi Rule of Civil Procedure 56(h) allows the *non*-moving party to recover expenses and fees incurred defending an unsuccessful and unreasonable summary-judgment motion, the opposite is not true. *Johnston v. Palmer*, 963 So. 2d 586, 598 (Miss. Ct. App. 2007) (citing *Sw. Miss. Reg'l Med.*

9

*Ctr. v. Lawrence*, 684 So. 2d 1257, 1264-1265 (Miss. 1996)). Rule 56 does not entitle a *moving* party to recover attorney's fees when it succeeds in obtaining summary judgment. *Id.* This meant, if Busby had been granted summary judgment—as it strongly contends it should have—Busby would not have been entitled to recover attorney's fees under Rule 56. As the trial court saw it, "[c]onditioning [Rule 42] dismissal on Lamar's payment of attorney fees and litigation expenses would [have] put [Busby] in a *better* position than if any of their denied dispositive motions had been granted." (Emphasis added.) "Such a result," the trial court determined, was "neither just nor proper."

¶22. This was the trial court's call to make. And the record, which includes a *very* lengthy docket list chronicling Busbsy's numerous motions, supports the trial judge's decision.

¶23. Further, we note this case's posture does not fit the typical Rule 41(a)(2) fees-and-costs award. By default, unless stated otherwise, a Rule 41(a)(2) dismissal is without prejudice. Miss. R. Civ. P. 41(a)(2). This means the plaintiff may be able to refile its lawsuit and potentially cure any procedural defects that arose with the first suit. *See, e.g.*, *Bolls v. Harris*, 528 So. 2d 1128 (Miss. 2005) (confronting the allegation that plaintiff sought voluntary dismissal to avoid summary judgment in a medical-malpractice action for which plaintiff had yet to produce an expert). For this reason, conditioning dismissal of the first suit on paying the defendant's attorney's fees aims to "reimburse the defendants for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Carter*, 557 So. 2d at 1193 (citing *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988)). Because

the dismissal here was with prejudice,[2] Busby faced no risk of being harmed by double expenses for litigating the same claim. So the main reason to impose a Rule 41(a)(2) attorney's fees condition does not apply here.

¶24. Instead, it is clear that Busby sought attorney's fees because it believed Lamar filed and pursued this action without standing and in bad faith. In short, Busby sought *sanctions*—not Rule 41(a)(2) "curative conditions." And when it comes to a sanctions requests, this Court has acknowledged that "[Rule] 11, rather that 41(a)(2), affords the more appropriate remedy to combat vexatious litigation." ***Carter***, 557 So. 2d at 1193(quoting ***Radiant Tech. Corp.***, 122 F.R.D. at 204 n.5). For this reason, we turn to Busby's Rule 11/MLAA claim.

### III.    Rule 11/MLAA

¶25. Like Rule 41(a)(2)'s curative conditions, Rule 11 and/or MLAA sanctions are within the trial court's discretion. ***Leaf River Forest Prods., Inc. v. Deakle***, 661 So. 2d 188, 196

---

[2] Rule 41(a)(2) provides that, "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." In its brief, Busby argues the trial court erred by granting dismissal *with* prejudice. At first, this argument appears against Busby's best interest. Why would it advocate that Lamar should have been allowed the possibility to refile a claim based on the contested billboard? But Busby instead is taking another opportunity to put forth its claim that Lamar lacked standing. Citing ***Williams v. Morris***, 614 Fed. App'x. 773, 774 (5th Cir. 2015), it reasons that because dismissals for lack of standing are to be without prejudice, then the trial court's only option was to dismiss Lamar's claims without prejudice.

In other words, Busby does not actually want this Court to reverse the trial court's order in part and render a dismissal *without* prejudice so that Lamar can bring new claims based on the contested billboard. So there is no true purported reversible error for this Court to address. That said, Rule 41(a)(2) clearly gives the trial court discretion to dismiss *with* prejudice, so long as the order states so, which in this case it did.

(Miss. 1995). So this Court's review is limited. *Id.* And as with the denial of Rule 41(a)(2) curative conditions, the trial court did not abuse its discretion when it denied Busby's request for Rule 11 and/or MLAA sanctions.

¶26. Mississippi Rule of Civil Procedure 11(a) requires "[e]very pleading or motion of a party represented by an attorney . . . [to] be signed by at least one attorney of record . . . ." And Rule 11(b) authorizes the trial court, "[i]f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, . . . [to] order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees." Miss. R. Civ. P. 11(b). Similarly, the MLAA directs the court to assess reasonable attorney's fees and costs if the courts finds "an attorney or party brought an action . . . that is without substantial justification, or that the action . . . was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct . . . ." Miss. Code Ann. § 11-55-5(1) (Rev. 2019).

¶27. "[A] pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success." *Tricon Metals & Servs., Inc. v. Topp*, 537 So. 2d 1331, 1335 (Miss. 1989). And as defined by the MLAA, "without substantial justification," means the action, claim, or defense "is frivolous, groundless in fact or in law, or vexatious, as determined by the court." Miss. Code Ann. § 11-55-3(a) (Rev. 2019). In both Rule 11 and the MLAA, *frivolous* is defined the same

12

way—no hope of success. *Deakle*, 661 So. 2d at 196. So it is the same standard under both. *Id.*

¶28. Busby's primary contention is that Lamar's lawsuit had no hope of success because Lamar lacked standing to challenge the erection of the electronic billboard. Busby reasons, because standing is a jurisdictional issue, *Kirk v. Pope*, 973 So. 2d 981, 989 (Miss. 2007), Lamar's lack of standing meant the trial court had no jurisdiction to grant Lamar any relief concerning the billboard. Hence, Lamar had no hope of success.

¶29. But Busby's contention is belied by the repeated and consistent finding—first by the chancery court and then by the circuit court following transfer—that Lamar *did* have standing.[3] And even if those rulings were ultimately incorrect, it can hardly be said that Lamar had no hope of success when Lamar successfully defeated Busby's lack-of-standing arguments raised in numerous motions spanning multiple years. *Cf. Scruggs v. Saterfiel*, 693 So. 2d 924, 927 (Miss. 1997) (ruling an unsuccessful action was not frivolous).

¶30. But we disagree with Busby that those rulings were repeatedly incorrect. Lamar's complaint asserted that the electronic billboard built in 2016 violated Gulfport city ordinance

---

[3] When Lamar filed its complaint in chancery court in 2016, this Court still adhered to the more lax "colorable interest" standard for establishing standing. *See Butler v. Watson (In re Initiative Measure No. 65)*, 338 So. 3d 599, 605 (Miss. 2021) ("reiterating that the Court recently [in 2020] abandoned the 'colorable interest' standard for establishing standing" (citing *Reeves v. Gunn*, 307 So. 3d 436, 438-39 (Miss. 2020))). In 2020, this Court jettisoned "colorable interest" standing but kept standing based on an "adverse impact" not experienced by the general public. *Id.* The chancery court's 2017 order based standing on the adverse impact the alleged ordinance violation had on Lamar. And in its 2022 order denying Busby's motion for attorney's fees, the circuit court addressed Busby's lack-of-standing argument one last time using the still applicable adverse-impact standard. So the record dispels any suggestion by Busby that either the chancery court or circuit court legally erred when addressing standing.

because Busby did not obtain permission from Gulfport before building it and because it was too close to a billboard operated by Lamar. Busby strenuously argues that Lamar lacked standing to sue based on the city ordinance for two reasons—(1) Lamar had no special right to enforce the city billboard ordinance because its claim that the ordinance came about as the result of a lawsuit settlement between Gulfport and Lamar was based on a "secret" settlement that Lamar refused to disclose during discovery; and (2) Lamar's nearby billboard was on Sixteenth Section land, and Lamar failed to have its sublease to operate the billboard spread on the school district's minutes.

¶31.    Regardless of whether its sublease with a private entity did or did not violate the minutes rule, we agree with the trial court that the settlement agreement by itself was sufficient to defeat Busby's multiple summary-judgment motions on the issue of standing. The settlement agreement at a minimum created a factual dispute whether Lamar had a unique and enforceable interest in the sign ordinance, which it claimed Busby violated. *See In re Initiative Measure No. 65*, 338 So. 3d at 605 ("Quite simply, the issue adjudicated in a standing case is whether the particular plaintiff had a right to judicial enforcement of a legal duty of the defendant or . . . whether a party plaintiff in an action for legal relief can show in himself a present, existent actionable title or interest . . . ." (quoting *City of Picayune v. S. Reg'l Corp.*, 916 So. 2d 510, 526 (Miss. 2005))). That Lamar allegedly withheld that agreement from Busby during discovery[4] or engaged in "sword and shield" tactics, as Busby

---

[4] According to Lamar, the settlement agreement contained a non-disclosure agreement from which Lamar unsuccessfully had asked the city to be released.

contends, goes to the issue of discovery sanctions—another discretionary call for the trial judge to make. It does not necessarily negate the facts supporting Lamar's standing.

¶32. Finally, the fact Lamar ultimately dismissed its claims does not necessarily prove these claims were interposed to harass or delay. *See* ***Choctaw, Inc. v. Campbell-Cherry-Harrison-Davis & Dove***, 965 So. 2d 1041, 1048 (Miss. 2007) ("The fact that CCHDD dismissed its Plaintiffs' claims does not prove that CCHDD acted to delay the proceedings."). Lamar dismissed its suit because Busby transferred its interest in the contested billboard to a third party. And that third party and Lamar settled the dispute.

¶33. In the end, the trial court—after an extremely thorough review of Busby's sanctions request and its various supporting arguments—determined Lamar's lawsuit had not been frivolous or without substantial justification. The record supports the trial court's decision. Thus, we affirm.

¶34. **AFFIRMED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., CHAMBERLIN, ISHEE, GRIFFIS AND SULLIVAN, JJ., CONCUR. BRANNING, J., NOT PARTICIPATING.**