# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01772-COA

**BROOKS MONAGHAN, M.D.**                                                    **APPELLANT**

**v.**

**ROBERT AUTRY JR. A/K/A ROBERT AUTRY**                         **APPELLEE**

DATE OF JUDGMENT:            10/27/2015
TRIAL JUDGE:                        HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:   ATTALA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MICHAEL ALFRED JACOB II
ATTORNEY FOR APPELLEE:       JOHN E. SHAW
NATURE OF THE CASE:          CIVIL - OTHER
TRIAL COURT DISPOSITION:     AWARDED ATTORNEY'S FEES AND
                             EXPENSES TO APPELLEE
DISPOSITION:                 AFFIRMED - 03/21/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CARLTON, J., FOR THE COURT:**

¶1.     Dr. Brooks Monaghan appeals the judgment of the Attala County Circuit Court awarding Robert Autry Jr. (Autry Jr.) attorney's fees and expenses against Dr. Monaghan. Dr. Monaghan claims that the trial court erred in finding that Autry Jr. possessed standing to seek attorney's fees and expenses pursuant to Mississippi Code Annotated section 11-55-5 (Rev. 2012). Finding no error in the trial court's judgment, we affirm.

## FACTS

¶2.     On March 10, 2015, Dr. Monaghan filed a complaint against "Robert Autry" (Autry) seeking payment for medical services provided to Autry by Dr. Monaghan, plus legal fees

and court costs incurred as a result of Autry's failure to pay. The complaint listed a Kosciusko, Mississippi street address for Autry.

¶3. The record contains the affidavit of a process server, which reflects that, on April 23, 2015, the process server served Autry Jr. with a summons and complaint filed by Dr. Monaghan. The record reflects that process was personally served to a "Robert Autry" at the Kosciusko address listed in the complaint. The process server described the person served as a white male in his late fifties or sixties.

¶4. On April 25, 2015, Autry Jr.'s counsel sent a letter to Dr. Monaghan's counsel explaining that a mistake occurred. In the letter, Autry Jr.'s counsel provided that, in the course of conversations with collection agents, Autry Jr. was advised that the debtor Robert Autry lives in Walls, Mississippi, and not Kosciusko. Autry Jr.'s counsel also explained that the last four digits of the debtor Autry's Social Security number are different than the last four digits of Autry Jr.'s Social Security number. Finally, Autry Jr.'s counsel stated that the debtor Autry was born in 1968, more than twenty years after Autry Jr. was born.

¶5. On May 7, 2015, Autry Jr. filed an answer to Dr. Monaghan's complaint denying that he is the "Robert Autry" named as a defendant in the case. On August 21, 2015, Dr. Monaghan filed a motion to dismiss the case without prejudice.

¶6. On September 22, 2015, Autry Jr. filed a motion for attorney's fees and expenses incurred as a result of defending the matter. In his motion, Autry Jr. provided that, in January or February 2015, he received a letter from the law office of Michael Jacob II concerning the debt of a Robert Autry. Autry Jr. called the number provided in the letter and spoke to a

woman at the law office. Autry Jr. stated he explained that he was not the Robert Autry who owed the debt and that he had never received medical services from Dr. Monaghan. Autry Jr. stated that the woman on the phone assured him that she would take care of the matter. Autry Jr. claims that he ultimately incurred $810 in attorney's fees as a result of defending the matter. As a result, Autry Jr. maintains that he is entitled to attorney's fees and costs under section 11-55-5, since Dr. Monaghan knew or should have known that Autry Jr. was not one of his patients.

¶7. Dr. Monaghan's attorney filed a response to Autry Jr.'s motion for attorney's fees and expenses, arguing that the subject lawsuit was filed against Autry, not Autry Jr., and since Autry Jr. was not a party to the lawsuit, he possessed no obligation or standing to file any pleadings with the court in relation to the lawsuit. Dr. Monaghan's attorney also asserted that, after discovering that the summons was served upon a nonparty, the lawsuit was dismissed.

¶8. The trial court heard arguments on the matter. After the hearing, the trial court stated:

> My name is Joseph Loper[] Jr. But if I got a summons issued and delivered to me along with a complaint telling me I had to answer as Joseph Loper, I assure you, I would answer or suffer the consequences for it.
>
> But from what I see, . . . Autry [Jr.] advised the doctor's office prior to them filing the suit, that they were attempting to collect from the wrong person. Nevertheless, they went right ahead full speed ahead and served him.
>
> And so, I believe under the Litigation Accountability Act, they are responsible for paying his attorney['s] fees because he had to incur unnecessary expenses. And I have no doubt that if he had not filed an answer, there would have been a default entered, and they would have a default judgment with the court.
>
> . . . I do find the attorney['s] fees being sought to [be] reasonable—especially,

you know, even to just file an answer to the—respond to the complaint alone plus the other work that was done.

¶9.     On October 27, 2015, the trial court entered an order awarding Autry Jr. a judgment against Dr. Monaghan and his attorney, jointly and severally, in the amount of $810.[1] The trial court explained that, after hearing arguments from the parties and considering the Litigation Accountability Act, Dr. Monaghan knew or should have known that Autry Jr. was not the individual indebted to Dr. Monaghan.

¶10.    Dr. Monaghan now appeals this judgment, claiming that the trial court incorrectly held that Autry Jr. possessed standing to seek attorney's fees and expenses under section 11-55-5.

## STANDARD OF REVIEW

¶11.    The Mississippi Supreme Court has stated that "[t]he decision to award monetary sanctions under the Litigation Accountability Act is left to the discretion of the trial court." *In re Spencer*, 985 So. 2d 330, 336-37 (¶19) (Miss. 2008); *see* Miss. Code Ann. § 11-55-7 (Rev. 2012).  On appeal, we review a trial court's judgment of sanctions for an abuse of discretion.  *In re Spencer*, 985 So. 2d at 337 (¶19).  Furthermore, "[i]n the absence of a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon [the] weighing of relevant factors, the judgment of the court's imposition of sanctions will be affirmed." *Id*.

## DISCUSSION

---

[1] *See* Miss. Code Ann. § 11-55-5(3) ("When a court determines reasonable attorney's fees or costs should be assessed, it shall assess the payment against the offending attorneys or parties, or both, and in its discretion may allocate the payment among them, as it determines most just[.]").

¶12.   As a preliminary matter, the record reflects that Dr. Monaghan filed a motion for voluntary dismissal without prejudice on August 31, 2015.  As stated previously, this motion for voluntary dismissal was filed more than three months after Autry Jr. filed his answer to the complaint on May 7, 2015.  Upon learning of the voluntary dismissal, Autry Jr. claimed that Dr. Monaghan knew or should have known that Autry Jr. was not a patient and not indebted to Dr. Monaghan.  As a result, Autry Jr. filed a motion on September 22, 2015, claiming that, as a condition of the dismissal, he was entitled to attorney's fees and costs under the Litigation Accountability Act, as set forth in section 11-55-5.  Section 11-55-5(2) states:

> No attorney's fees or costs shall be assessed if a voluntary dismissal is filed as to any action, claim[,] or defense within a reasonable time after the attorney or party filing the action, claim[,] or defense knows or reasonably should have known that it would not prevail on the action, claim[,] or defense.

¶13.   The judgment in the record before us is entitled "Judgment for Defendant," and it reflects that the judgment was entered in response to Autry Jr.'s motion for attorney's fees. The "Judgment for Defendant" also shows that the chancellor considered the pleadings of the parties, arguments of counsel, and the Litigation Accountability Act.  While a separate order granting Dr. Monaghan's voluntary dismissal does not appear in the appellate record before this Court, the "Judgment for Defendant" contained in the record is clearly predicated upon such a dismissal.[2]  *BellSouth Pers. Commc'ns LLC v. Bd. of Sup'rs of Hinds Cty.*, 912

---

[2] Mississippi Rule of Civil Procedure 41(a)(1) addresses the effect of a voluntary dismissal by the plaintiff and provides:

> Subject to the provisions of Rule 66, or of any statute of the State of Mississippi, and upon the payment of all costs, an action may be dismissed by

5

So. 2d 436, 442-43 (¶¶21-23) (Miss. 2005) ("[A] case may be dismissed without prejudice but still have the same effect of a dismissal with prejudice as far as finality for appeal purposes[.]"); *Hughes Equip. Co. v. Fife*, 482 So. 2d 1144, 1146 (Miss. 1986) ("[P]ermitting [the] recovery of attorney['s] fees by [the] defendant in all cases of [a] voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees."). We further note that Dr. Monaghan and Autry Jr. do not dispute that the case was indeed dismissed. Hence, we find that the "Judgment for Defendant" contained in the record is a sufficient final judgment for appellate review of this case.

¶14. Regarding Dr. Monaghan's argument on appeal, Dr. Monaghan argues that the trial court erred in finding him liable to Autry Jr. for attorney's fees. Dr. Monaghan relies upon section 11-55-5(1), and he asserts that the statute clearly applies only to parties of a lawsuit and their attorneys. Dr. Monaghan claims that, as a nonparty, Autry Jr. lacked standing to bring his motion for attorney's fees and expenses since the statute creates no separate cause of action for a violation of the Litigation Accountability Act.

¶15. Section 11-5-5(1) provides:

> Except as otherwise provided in this chapter, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed,

---

> the plaintiff without order of court: (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.

6

reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

¶16.    For purposes of the Litigation Accountability Act, this Court has recognized that "[a] claim is without substantial justification when it is frivolous, groundless in fact or law, or vexatious." *Cain v. Cain*, 967 So. 2d 654, 667 (¶31) (Miss. Ct. App. 2007). In *Cain*, this Court looked to Mississippi Rule of Civil Procedure 11 for the definition of "frivolous" to determine whether a claim is frivolous. *Id.* (citing *Wilson v. Greyhound Bus Lines*, 830 So. 2d 1151, 1159 (¶21) (Miss. 2002)). Upon so doing, this Court determined that "a claim is frivolous only when, objectively speaking, the pleader or movant has no hope of success. . . . Though a case may be weak or light-headed, that is not sufficient to label it frivolous." *Id.* (internal citations and quotation marks omitted).

¶17.    In the present case, the record reflects that Dr. Monaghan filed his suit on March 10, 2015. As stated, in his motion seeking attorney's fees and expenses, Autry Jr. claimed that, in January or February 2015, he received a letter from Dr. Monaghan's attorney concerning the debt of a Robert Autry. Hence, Autry Jr. explained through an affidavit that he personally called the law office and explained that he was not the Robert Autry who owed the debt and that he had never received medical services from Dr. Monaghan. However, despite notifying Dr. Monaghan's office of the misidentification, Autry Jr. was served with process on April 23, 2015. On April 25, 2015, Autry Jr.'s counsel sent a letter to Dr.

7

Monaghan's counsel explaining that a mistake occurred and provided the following information: the debtor Autry lives in Walls, Mississippi, and not Kosciusko; the last four digits of the debtor's Social Security number are different than the last four digits of Autry Jr.'s Social Security number; and the debtor Autry was born in 1968, more than twenty years after Autry Jr. was born. Additionally, Autry Jr. filed an answer to Dr. Monaghan's complaint on May 7, 2015, denying that he is the Robert Autry named as a defendant in the case.

¶18. Dr. Monaghan argues that even if Autry Jr. was allowed to seek attorney's fees and expenses as a nonparty under section 11-55-5(1), Dr. Monaghan would still not be liable to him for the attorney's fees and expenses awarded by the trial court herein. Dr. Monaghan cites to section 11-55-5(2), which states:

> No attorney's fees or costs shall be assessed if a voluntary dismissal is filed as to any action, claim[,] or defense within a reasonable time after the attorney or party filing the action, claim[,] or defense knows or reasonably should have known that it would not prevail on the action, claim[,] or defense.

Dr. Monaghan submits that the underlying lawsuit herein was not dismissed on the merits; rather, Dr. Monaghan voluntarily dismissed the lawsuit for his failure to perfect service on the correct defendant.

¶19. As stated, Autry Jr. does not dispute that the case was indeed dismissed. However, Autry Jr. takes issue with the fact that Dr. Monaghan failed to dismiss the case until August 31, 2015, more than 100 days after it was filed, and months after Autry Jr. advised Dr. Monaghan that he was not the "Robert Autry" who owed payment for services. Autry Jr. also takes issue with the expenses he incurred by filing an answer to respond to the March

8

10, 2015 complaint served upon him.

¶20. In *Cain*, 967 So. 2d at 667 (¶30) (citing *Bellsouth*, 912 So. 2d at 443-44 (¶26)), this Court held that the "terms and conditions" accompanying a judgment of dismissal of a claim "are discretionary with the trial court and may include awarding attorney's fees as protection for the unwitting litigant."

¶21. The record reflects that, in its judgment awarding Autry Jr. attorney's fees and expenses, the trial court recognized that, prior to the lawsuit, Autry Jr. indeed advised Dr. Monaghan's office they were attempting to collect payment from the wrong person, but Dr. Monaghan still served Autry Jr. with the summons and complaint. The trial court found that, if Autry Jr. had failed to file an answer to the complaint, "there would have been a default entered, and they would have a default judgment with the court." The trial court ultimately held that, "under the Litigation Accountability Act, [Dr. Monaghan and his counsel] are responsible for paying [Autry Jr.'s] attorney['s] fees because he had to incur unnecessary expenses." *See In re Estate of Necaise*, 126 So. 3d 49, 57 (¶30) (Miss. Ct. App. 2013) (This Court affirmed the chancellor's award of attorney's fees to a party where the chancellor found the actions of the opposing counsel caused the party to "incur unnecessary attorney's fees in responding to [the opposing counsel's] filings.").

¶22. After our review of the record, and keeping in mind our standard of review, we cannot find that the trial court erred in awarding attorney's fees and expenses to Autry Jr. *See In re Spencer*, 985 So. 2d at 336-37 (¶19). We therefore affirm the judgment of the trial court.

¶23. **THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

9

**APPELLANT.**

**LEE, C.J., IRVING, P.J., ISHEE, FAIR AND WESTBROOKS, JJ., CONCUR. GREENLEE, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., BARNES AND GREENLEE, JJ.**

**WILSON, J., DISSENTING:**

¶24. I agree with the circuit judge's award of $810 in attorney's fees and expenses under the Litigation Accountability Act. The award was reasonable and appropriate, and Monaghan's arguments that the judge erred are without merit. However, I respectfully dissent because there is no final judgment and, hence, we lack appellate jurisdiction. We must raise this issue sua sponte, as jurisdictional issues cannot be waived, and jurisdiction cannot "be conferred on this Court by stipulation of the parties." *Donald v. Reeves Transp. Co.*, 538 So. 2d 1191, 1194 (Miss. 1989).

¶25. After Autry Jr. had already answered the complaint, Monaghan filed what purported to be a "Notice of Dismissal Without Prejudice." It was not a "motion." *Ante* at (¶12). It was a "Notice." Monaghan's "Notice" was ineffective.

¶26. Mississippi Rule of Civil Procedure 41(a) is clear. The plaintiff can voluntarily dismiss his complaint without prejudice *only* by filing a notice of dismissal at any time *before* a defendant serves an answer or by filing a stipulation of dismissal signed by all parties who have appeared. M.R.C.P. 41(a)(1). Otherwise, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." M.R.C.P. 41(a)(2).

¶27. Because Autry Jr. had answered the complaint, it was too late for Monaghan to

10

dismiss the case unilaterally by filing a "Notice." Autry Jr. did not sign a stipulation of dismissal. And the circuit court did not enter an order dismissing the case. The court did enter a "Judgment for Defendant" awarding attorney's fees and expenses to Autry Jr., but it did not address the underlying complaint or Monaghan's ineffectual notice of dismissal. This Court recently held that a judgment awarding attorney's fees to a defendant is not final and appealable if, as in this case, there is no final judgment on the underlying complaint. *Hoffman v. Hoffman*, 200 So. 3d 465, 468 (¶14) (Miss. Ct. App. 2016). No judgment has been entered on Monaghan's claim against Autry Jr., so there was no final judgment to appeal. *In re Norton*, 126 So. 3d 890, 891 (¶5) (Miss. 2013) ("The right to appeal does not arise until the trial court disposes of all the claims against all defendants.").

¶28.    It is unclear whether the majority concludes that there is a final, appealable judgment because it considers the "Judgment for Defendant" an "order of the court" for purposes of Rule 41(a)(2), because it believes that Autry Jr. somehow stipulated to a dismissal, or for some other reason. However, the judgment for Autry Jr. did not address the underlying complaint, Autry Jr. never signed a stipulation of dismissal, and Rule 41 makes clear that Monaghan lost the ability to dismiss the case unilaterally once Autry Jr. filed an answer. Therefore, there is no final judgment, and the appeal should be dismissed for lack of jurisdiction.[3]

---

[3] Dismissal of the appeal would leave in place Autry Jr.'s judgment for attorney's fees and expenses, and Monaghan would be well-advised not to attempt another appeal. Also, the circuit court could condition dismissal under Rule 41(a)(2) on payment of attorney's fees and expenses. *See BellSouth Pers. Commc'ns LLC v. Bd. of Sup'rs of Hinds Cty.*, 912 So. 2d 436, 443-44 (¶26) (Miss. 2005).

**GRIFFIS, P.J., BARNES AND GREENLEE, JJ., JOIN THIS OPINION.**